NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANNETTE G. HUMMEL,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MARICOPA COUNTY ADULT PROBATION DEPARTMENT,<br><br>Defendant-Appellee. | No.  19-16008<br><br>D.C. No. 2:16-cv-04381-JJT<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 1, 2020[**]
Pasadena, California

Before:  WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Nannette Hummel ("Hummel") appeals the district court's summary

judgment in favor of Maricopa County Adult Probation Department ("APD") in

her employment action under the Americans with Disabilities Act ("ADA").  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a grant of summary judgment. *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand to the district court for further proceedings consistent with this memorandum.

The ADA prohibits an employer from discriminating "against a qualified individual on the basis of disability." 42 U.S.C. § 12112. The ADA defines a "qualified individual" as an "individual who, *with or without* reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (emphasis added); *see also* 29 C.F.R. § 1630.2(m).

Contrary to the district court's conclusion, Hummel is not precluded from being a "qualified individual" simply because she was unable to perform essential functions of her position at the time of her termination. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999); *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1135 (9th Cir. 2001). In fact, a reasonable accommodation may take the form of an extended leave of absence that will, in the future, enable an individual to perform her essential job duties. *Nunes*, 164 F.3d at 1247; *Humphrey*, 239 F.3d at 1135–36. It appears the district court erroneously failed to consider whether Hummel's leave extension request was a reasonable accommodation that would enable her to perform the essential functions of her

2

position.

To avoid summary judgment in favor of his or her employer, an employee need only show that an "'accommodation' seems reasonable on its face, i.e., ordinarily or in the run of cases." *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002). "Once the plaintiff has made this showing, the defendant/employer then must show special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances." *Id.* at 402. Importantly, the ADA "does not require an employee to show that a leave of absence is certain or even likely to be successful to prove that it is a reasonable accommodation," and an employee only needs "to satisfy the minimal requirement that a leave of absence could plausibly have enabled [her] adequately to perform her job." *Humphrey*, 239 F.3d at 1136.

Viewing the evidence in the light most favorable to Hummel, there is a genuine dispute of material fact regarding whether her requested accommodation of an extension of her leave would have enabled her to perform the essential duties of her job. The district court therefore erred in granting summary judgment on the ground that Hummel was not a "qualified individual" without first determining if there was a triable issue as to whether her requested extension of leave was a reasonable accommodation. On remand, the district court may address in the first instance whether there is a triable issue regarding whether Hummel's additional

3

leave request would have posed an "undue hardship" for APD.

**REVERSED AND REMANDED.**